Case on calendar, United States v. Herbst Thank you, Your Honor. My name is David Merchant. I work for the Federal Defenders of Montana and I represent Peter Herbst. I would reserve two minutes for rebuttal. Thank you. Your Honor, if I can't stand before you and tell you that what Peter Herbst did was anything but horrible, there is no doubt the facts of this case merit a long period of incarceration. He raped his daughter. He raped his niece. He videotaped both of those. He videotaped three other girls. He placed video or pictures of his daughter on the Internet. What he did was horrible. I'm here to argue to you, though, that man deserves redemption. Man deserves a second chance. In this case, Peter Herbst did one thing good. He took responsibility of what he did. And there must be something given to that. The statute requires that Peter Herbst can't receive a life sentence. A life sentence. Those are the words that the statute says he can't receive. But what he did receive was 70 years. He received a 30-year sentence on the exploitation of his daughter. He received 30 years consecutive on the exploitation of his niece. And he received 10 additional years on the other two children. One wasn't charged in this case. So if the crime was so serious and reprehensible, where did the district court judge abuse his discretion? Well, in two ways, Your Honor. First of all, we couch 840 months, 70 years, 25,550 days in terms of those, instead of saying life. Right. We get around life that way. But here's what he didn't do. He gave consecutive sentencings. And under 5G1.2, the guidelines, admittedly advisory, consecutive sentencing is a special animal. There has to be something that goes to that. 5G1.2c says if the sentence imposed on the count carrying the highest statutory maximum, the exploitation charge, adequately, if it adequately achieves the total punishment, then the sentences on all counts shall run concurrently. But what that means, if it covers the guideline range, the guideline range, the sentence is within the guideline range, right? The sentence is within the guideline range. Right. And so under that provision, the you give consecutive sentences if one count isn't enough to cover the guideline range. I knew the district court judge was going to be here. Every Friday. You're right, Your Honor. But still, the court has to say something. The court has to articulate a rationale to go to the consecutive sentences. Well, not under the guidelines. Under the case law, under Carte, under the case law. That's 3553A. Yes. That's a different issue. Yes. Although, quite frankly, Your Honor, they have to merge. Because the statutory language of the guidelines goes into how 3553A. You can't argue one and not include the other, Your Honor. With all due respect to the district court here, all the district court said. Can I ask you, how do we know when this guy comes out that he's not going to do the same thing again? We don't. When he's in his 80s, he's not going to lure some kid into the garage and do the same thing. There's no psychological reports that say that, you know, rehabilitation would work. There was nothing, frankly, there was nothing in the record to help the district judge come up with anything other than this. I mean, I'm looking through it and I'm thinking, you know, what would I do, which isn't the test. But what is in the record to say that this fellow is not going to do this again when he gets out? And that's one of the 3553A factors that, you know, affect deterrence. Absolutely. But it seems to me that that's what the court simply focused on. It didn't focus on any other of the 3553A factors. Well, but where is anything in the record to help? There's the one part of 3553A about the best method of providing correctional treatment, rehabilitation, et cetera. But where is anything in the record to say that that's going to be effective in his case? There isn't anything in the record. We would concede that there is nothing in the record that would say that when Herbst is, and let's use my 30-year sentence as the guiding, because that's what we argued for at the sentencing. Actually, your client argued that that was too much. Yeah. My client argued many things, Your Honor. Well, that was his chance. Yes, he did say that 30 years was too much. Can I ask you this? Picture yourself as a district judge. What would you say to give a lesser sentence? I mean, what words would you use? Well, quite frankly, again, I would fall back to my 30-year sentence, because I would look at other cases that were in that particular, the Billings division. And there is my argument is that there is somebody very similar to that. 30 years, Your Honor, if somebody doesn't understand it after 10, probably 30 is not going to be enough. If you believe that the American, fundamentally that our correctional system does something besides warehouse people, you believe that it corrects people, you have to believe in second chances. Otherwise, we'd be simply giving everybody life sentences. But that proves too much, because essentially what you're saying is that you can't give and you shouldn't even be allowed then under that theory to give any life sentence, because that would always rule out the chance of rehabilitation. No, Your Honor. That's not the rule. So you're saying, as you pointed out at the beginning, this wasn't a, quote, life sentence, but it's de facto a life sentence because of the cumulative nature of time. So you're saying if he had gone, let's see, he was, what, 45? Roughly. So he would have been 75 when he gets out at 30. So if the judge had said, all right, I'll give you 30 and 15, I'll cut the second sentence in half. So then he'd be, do the math.  He's got the chance of getting out, maybe dying at home. No, I believe a 45-year sentence, I would be here if you'd let me be here arguing that again. So now we're on the slippery slope, which is the district judge is trying to figure out, and you're basically saying, well, 30 years is it. Maybe two offenses, each of which would be entitled to a 30-year sentence, but because we need to give him a shot at rehabilitation, 30 years is the maximum that the judge can go. Otherwise, he's abusing his discretion. It is kind of what I'm saying. Okay. There are people who deserve life sentences. Don't get me wrong. I've represented many people that deserve a life sentence. They have murdered people. They have done tragic, horrible things. And I'm not saying that this isn't a horrible thing. What I'm saying, though, is that, and I think he offended the district court with the, I'm a first-time for several years. He was in the Army, wasn't he? He was in the Marine Corps and the Army, Your Honor. He was in Iraq? He was. He was. For approximately 20 years, he was in the service. He was in Iraq on three different tours for a total of about 38 months. Combat? He was in the Green Zone. I think any service in Iraq is in combat. And the district court was aware of that? It was aware of that, Your Honor. Getting back to what I said, what would you say as a judge to justify a sentence that allows him to get out and possibly do this again? I think I would start with the fact that my personal belief is that there are second chances, that there are people that can be rehabilitated. He also got supervised release, which seems to me to fly in the face of this. But that gives the opportunity, if he does do something bad, then he does go back to prison. I guess what I would say to Mr. Herbst is this. I am going to give you one chance. You are going to have the ability, if you survive that 30 years, if you are 72 years old when you get out of prison and you can live a life that's confined within the social norms, then you can go home and die. I used to think 72 was old. I don't think that anymore. Yeah, yeah, easy. You may want to save the rest of your time. Don't suck up to the presiding judge. Good morning. May it please the court and counsel. My name is Marcia Hurd, and I'm an assistant U.S. attorney from the District of Montana, the Billings Division. I handled this case below, and I wrote the brief in this case as well. Your Honors, the question for you to decide is not should he be released or should he be released, but should a sentence give a defendant hope. And it's not would 30 years have been a reasonable sentence. The question for you to decide is was the sentence that was given unreasonable. That's the question. There's nothing in the statute that requires that a court give a defendant hope, and especially a defendant who is a diagnosed pedophile with a personality disorder with narcissistic, antisocial, and schizoid features who began sexually abusing his daughter in the military service and who continued to sexually abuse that daughter when he would return from Iraq and take additional pictures of her, and who also sexually abused his niece and took pictures of that, and who distributed those pictures on the Internet where they are now worldwide. Can I – every time I sentence somebody, and we do a lot of it in the Southern District, is I go through all the 3553A factors, and the judge really didn't discuss the factor here about correctional treatment. And there is that Butner, where they have a, you know, place to work with people like this. Isn't that some concern that he didn't give any thought to that issue? Well, Your Honor, I think not in this case, and let me explain why. Butner is now used to hold just the sexually dangerous people who are awaiting the new permanent commitment section of the Federal system, and each one of the Federal divisions of BOP now has their own sex offender treatment area. So each region, there are six regions now, have a sex offender treatment program. And he ordered him to complete sex offender treatment as part of his sentence. In addition, Mr. Herbst actually had a sexual offender evaluation at Mr. Merchant's request, and parts of that were excerpted into the pre-sentence report. And that evaluation indicated he was really not treatable with any kind of a community sentence, that it absolutely needed to be in the sentence of custody and that he should get treatment within the custodial setting. And he will get that on the sentence that he has. So I think that the judge did look at that and actually impose that as part of the sentence in this case. If that answers your question? Okay. Your Honors, I think in this case what the judge did was he did look at the other cases to make sure that he wasn't going outside of a sentencing disparity issue here. He looked at the Jimmy Carpenter case, which I cited in my brief, which is a case in which this Court upheld a 110-year sentence on virtually the same facts. That was a father who sexually abused three of his daughters, rather than a daughter and a niece here, and distributed those child pornography pictures worldwide. And this Court upheld that sentence, saying it was reasonable and it was focused on protecting the public from further crimes and reflecting the seriousness of the offense. And so the sentence that Mr. Herbst asked for, which was 15 years for the mandatory minimum, basically, for each of the two girls that he was charged with, basically is the minimum that Congress has said is appropriate for a case like this. And in a case like this, this is just so far beyond a mandatory minimum type of a case. And I think that's what the district court found here, was that this was a person who was really not capable of rehabilitation. This was a person who basically needed to be put away for as much of the rest of his life as he could, for the reasons that you cite, Judge Moskowitz, that we don't know if he gets out when he's 50 or 60 or 70, that he isn't going to still have those pedophilic tendencies because he's diagnosed as a pedophile and has a number of victims. And so the question for you is whether that sentence was unreasonable in any fashion, not would the sentence that he asked for have been an appropriate sentence as well. The standard of review is very deferential. It's an abuse of discretion standard. And there really wasn't anything within the record for findings of fact that this could have been eminently rehabilitatable within the community and should have gotten a lesser sentence. And so the United States believes that this was an absolutely reasonable sentence given all the circumstances that are in front of this Court. And if you have no further questions, I will leave this to your discretion. Okay. Thank you. At the end of the day, when Mr. Herbst asked me why he was sentenced to 70 years, I couldn't tell him. No. The judge told him. The judge told him that he needed to be taken out of society. Yes. Well, that's the reason. Okay. Well, that may be a reason. And being taken out of society doesn't necessarily mean taken out of society  Well, maybe not. But in this case, it's a reasonable sentence. The judge told him why, and the facts were there. And he got a chance to make the argument that he had, that he didn't think even 30 years was enough. And so I'm not sure it's your job to have to explain the judicial system. The judicial system stands on its own. I appreciate that you need to communicate with your client. But speaking for myself, I think the judge was quite forthcoming and told Mr. Herbst exactly what he was thinking. Ms. Hurd indicated or told you that there was a psychosexual evaluation done. And there was, and it was included in the pre-sentence report. And absolutely, we agreed Mr. Herbst could not be managed in the community. He needed a period of incarceration. But he was found to be a moderate-level offender. He wasn't the level three. He wasn't the high-level offender. The psychosexual actually did say that he got, he could be rehabilitated. So I think we understand. Thank you very much. Thank you. All right. The case argued is submitted. Next case on calendar is United States v. Gus, Other Medicine.
judges: Moskowitz, Fisher, Paez